# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 05-20121-CM |
| v. | ) | |
| | ) | |
| | ) | |
| BYRON BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

On April 7, 2010, this court issued an Order (Doc. 46) denying defendant's motion for transcripts of a criminal docket on March 13, 2005 because there was no hearing held in this court on the date specified by defendant. Pending before the court is defendant's Motion for Transcripts (Doc. 47).

Defendant requests this court provide him with a copy of his "Criminal Docket on 12/14/05-9/28/09." (Doc. 47, at 1.) Pursuant to 28 U.S.C. § 753(f), defendant is entitled to a free copy of a hearing transcript if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." *See United States v. Cline*, Nos. 04-3400-SAC, 00-40024-03-SAC, 2007 WL 2071762, at *2 (D. Kan. July 18, 2007) (quoting *Brown v. N. M. Dist. Court Clerks*, No. 97-2044, 1998 WL 123064, at *3 n.1 (10th Cir. Mar 19, 1998)) (citing *United States v. MacCollom*, 426 U.S. 317 (1976)). Defendant does not have the right to a free transcript simply out of desire to search the record for errors. *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *MacCollom*, 426 U.S. at 326–27). Defendant must show a particularized need for copies of the transcripts. *United States v. Bennett*, No. 06-

20056-10-KHV, 2009 WL 3644920, at *1 (D. Kan. Oct. 30, 2009) (citing *United States v. Sistrunk*, 992 F.2d 258, 260 (10th Cir. 1993)).

Defendant argues that the "transcripts are needed for use in filing an application for Habeas Corpus Relief," and that the "requested transcripts are essential and invaluable in determining whether defendant's substantive and/or procedural rights were violated during."[1]  (Doc. 47, at 2–3.) However, he fails to provide particular reasons why he believes the transcripts will assist him with the filing of a § 2255 motion.

Because there is no present pending § 2255 motion, and defendant's request does not specifically indicate how the records and transcripts will aid him in the filing of a § 2255 motion, this court denies his request at this time.  *United States v. Lewis*, No. 94-3158, 1994 WL 563442, at *1 (10th Cir. Oct. 14, 1994) (holding that a § 2255 motion must be on file to "trigger the statute that explicitly grants indigent habeas corpus petitioners documents or parts of the record without cost") (citing *United States v. Connors*, 904 F.2d 535, 536 (9th Cir. 1990); *Walker v. United States*, 424 F.2d 278, 278–79 (5th Cir. 1970)) (internal quotation marks omitted).  If, however, defendant files a § 2255 motion and specifically requests a free copy of the record and/or transcripts, indicating with particularity how the records and/or copies of transcripts will aid him in furtherance of his § 2255 motion, the court would reconsider the request at that time.

**IT IS THEREFORE ORDERED** that defendant's Motion for Transcripts (Doc. 47) is denied without prejudice.

---

[1]  This sentence ends abruptly with the word "during" on page 3 of the motion with no further explanation.  (Doc. 47, at 3.)

Dated this <u>27th</u> day of May 2010, at Kansas City, Kansas.

**<u>s/ Carlos Murguia</u>**
**CARLOS MURGUIA**
**United States District Judge**
